Petition for Reinstatement from Inactive Status.

No. 106 DB 2003.

Supreme Court of Pennsylvania.

Dec. 9, 2003.

### ORDER

PER CURIAM.

AND NOW, this 9th day of December, 2003, The Report and Recommendations of The Disciplinary Board of the Supreme Court of Pennsylvania dated October 29, 2003, are approved and IT IS ORDERED that DEBORAH G. DeLAURO, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that she has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

OFFICE OF DISCIPLINARY COUNSEL, Petitioner

v.

Mark JURIKSON, Respondent.

No. 876 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Dec. 9, 2003.

### ORDER

PER CURIAM:

AND NOW, this 9th day of December, 2003, upon consideration of the Report and Recommendations of the Disciplinary Board dated September 19, 2003, it is hereby

ORDERED that MARK JURIKSON be and he is SUSPENDED from the Bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

---

2. As to the punitive damages claim, because I believe that Appellants did not breach a duty to the mother or the children, there is no conceivable wanton behavior or willful misconduct to form the basis of a punitive damages claim. Accordingly, I would dismiss it as well.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

ORDERED that Thomas William Smith be and he is suspended from the Bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.